UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41045
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CRAIG BROUGHTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(1:98-CR-7-1)
_____

March 23, 1999

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Claiming insufficient evidence, Craig Broughton appeals his conviction for possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1).

The evidence presented by the Government at trial included testimony and a videotape concerning Broughton paying $900 for two ounces of cocaine base, being "fronted" four more ounces, and picking up the bag containing the cocaine base. Other testimony included the amount of cocaine base being consistent with intent to distribute. Broughton testified that he had previously been

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

convicted for possession of a controlled substance; and that he inspected the cocaine base to determine its quality for another person.

Based on the above-described evidence, we conclude that the Government proved beyond a reasonable doubt that Broughton knowingly possessed the cocaine base with intent to distribute. *See, e.g., **United States v. Posada-Rios***, 158 F.3d 832, 855 (5th Cir. 1998), *petition for cert. filed* (U.S. 16 Feb. 1999) (No. 98-8140); **United States v. Jones**, 133 F.3d 358, 362 (5th Cir.), *cert. denied*, ___ U.S. ___, 118 S. Ct. 1854 (1998). The jury was entitled to reject Broughton's testimony that he intended to purchase stereo equipment rather than cocaine base. *See **United States v. Kelley***, 140 F.3d 596, 607 (5th Cir.), *cert. denied*, ___ U.S. ___, 119 S. Ct. 247 (1998).

***AFFIRMED***